IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM SAVETT, | ) | CASE NO. 1:16-cv-00916 |
| Plaintiff, | ) ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| COMPUTERSHARE INC., | ) ) | |
| Defendant. | ) ) ) ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

For its Answer to the Complaint filed by Plaintiff Adam Savett ("Plaintiff"), Defendant Computershare, Inc. ("Defendant"), by and through its undersigned counsel, admits, denies and states as follows:

1. Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff was hired as Director, Class Action Services in Kurtzman Carson Consultants, LLC's ("KCC") Class Action Business Development team, KCC being one of Defendant's affiliated employing US companies, but denies any remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that it paid Plaintiff an annual salary and additional incentive compensation per the Class Action Incentive Plan set forth in the Employment Agreement between the parties (copy attached as Exhibit A), but denies any remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that it terminated two additional Directors, Class Action Services, Business Development, in November 2015, but denies any remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits, based on company records, that the other two Directors, Class Action Services, Business Development, were more than 40 years of age at the time of termination, denies that age had anything whatsoever to do with their terminations, and denies any remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that after November 30, 2015, it retained the services of one Director, Class Action Services, Business Development,Com who, according to company records, was less than 40 years of age, as well as the manager of the group who, according to company records, was more than 40 years of age, denies that age had anything whatsoever to do with any of the above-referenced decisions, and denies any remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant repeats its response to Paragraph 12 of its Answer as if it were fully incorporated herein.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies that Plaintiff suffered any damages attributable to the actions of Defendant.

17. Defendant denies each and every allegation not specifically admitted herein, including, without limitation, the allegations contained in the last, unnumbered paragraph of Plaintiff's Complaint beginning with the word "WHEREFORE" and denies that Plaintiff is entitled to any of the relief he requests.

## AFFIRMATIVE OR OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are made by such mistakes, misstatements, or omissions, or with such retaliatory or other improper motives so as to render such claims frivolous, arbitrary, capricious, and unlawfully retaliatory entitling Defendant to recover its costs and attorney's fees.

3. Plaintiff's injury and damages, if any, resulted, in whole or in part, from Plaintiff's own action(s) and/or inaction(s) for which Defendant cannot be held liable.

4. Plaintiff's claims are barred, in whole or in part, because any actions taken or not taken by Defendant in connection with Plaintiff was taken or not taken by Defendant in good faith, applying its business judgment, and for non-retaliatory business reasons unrelated to Plaintiff's age.

5. Plaintiff's Complaint should be dismissed to the extent that Plaintiff has failed to comply with statutory pre-requisites and conditions precedent to suit.

6. Plaintiff's claim is barred under the terms of the Employment Agreement (Exhibit A) because arbitration of this claim was available to him.

7. By agreement (Exhibit A), Plaintiff is obligated to arbitrate any and all employment-related disputes through final and binding Arbitration before the American Arbitration Association.

8. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine(s) of laches, estoppel and/or unclean hands.

9. Plaintiff's claims and/or damages are barred, or his alleged damages must be reduced, under the doctrine of after-acquired evidence.

10. Plaintiff's claims for punitive damages are barred because each and every act of Defendant with respect to Plaintiff was taken in good faith and without fraud, oppression, or malice for Plaintiff or his rights.

11. Plaintiff's claims for punitive damages are barred because any alleged injury or damages Defendant allegedly caused to Plaintiff (and there are none) was not willfully, wantonly, or maliciously caused.

12. Plaintiff's claim for punitive damages is barred because awarding punitive damages to Plaintiff against Defendant under the facts and circumstances of this case would violate the due process clause and/or other provisions of the United States Constitution and/or the Constitution of the State of Ohio.

13. To the extent that Plaintiff is seeking punitive damages, such claims would be barred because the alleged acts or omissions of Defendant do not rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff his protected rights, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle Plaintiff to punitive damages.

14. An award of punitive damages in this case would be contrary to Defendant's good faith efforts to comply with the law.

15. Plaintiff's damages, if any, must be reduced by the income he has received, or should have received, in mitigation.

16. Any damages recovered by Plaintiff must be offset by any compensation (monetary or non-monetary) that Plaintiff received or could have received during the period covered by any damage award.

17. Plaintiff is estopped by his own acts or omissions from bringing the claims in the Complaint.

18. Plaintiff's claims must fail because his age was not the "but for" cause of any alleged adverse employment action.

19. Defendant reserves the right to assert additional defenses as they become known or apparent during the course of discovery or otherwise.

WHEREFORE, Defendant demands that the claim against it raised in the Complaint be dismissed in its entirety, with prejudice, that judgment be entered in its favor, and that it recover its costs and expenses, including reasonable attorney's fees, and such other and further relief to which it may be entitled at law or in equity or as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Robert C. Petrulis*
Robert C. Petrulis (0040947)
Russell T. Rendall (0089901)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
127 Public Square
4100 Key Tower
Cleveland, OH 44114
216.241.6100 – Telephone
216.357.4733 – Facsimile
robert.petrulis@ogletreedeakins.com
russell.rendall@ogletreedeakins.com

*Attorneys for Defendant*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2016 a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robert C. Petrulis*
*One of Attorneys for Defendant*

24554221.1